RECEIVED

AUG 03 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

FILED

2010 JUL -9 P 1: 50

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

UNITED STATES OF AMERICA )
)
Plaintiff, )
)
v. )   Civil No. 1:10cv763
)
DEVELOPMENT CAPITAL )   /TCB
VENTURES, L.P., )
Defendant.

MISC. 5:10-MC-0027

## COMPLAINT FOR RECEIVERSHIP, JUDGMENT, AND INJUNCTION UNDER 15 U.S.C. §687c

Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States on behalf of its agency, the U.S. Small Business Administration (hereinafter, "SBA"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. §634(b)(1); and 28 U.S.C. §1345.

3. Defendant, Development Capital Ventures, L.P. (hereinafter, "DCV", "Licensee" or "Defendant"), is a Delaware limited partnership formed on or about August 9, 1999 and maintains its principal office at 5820 Fitzhugh Street, Burke, Virginia 22015. Venue is therefore

Complaint For Receivership and Injunction - Page 1

proper under 15 U.S.C. §§687(d), 687h, and 28 U.S.C. §1391(b).

## Statutory and Regulatory Framework

4. DCV was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. §681(c), on November 17, 1999, SBA License No. 03/73-0216, solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

6. DCV's Limited Partnership Agreement expressly provides that DCV was organized for the purpose of operating under the Act and subject to the Regulations issued by SBA thereunder.

7. DCV's general partner is DCC Operating, Inc., a Delaware Corporation formed on or about August 9, 1999.

8. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide financing to licensed SBICs.

9. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to DCV through the purchase of Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $10,820,000, of which $10,488,340 remains outstanding, as follows:

Complaint For Receivership and Injunction - Page 2

| Loan Number | Principal O/S | Date Issued |
|---|---|---|
| 02031257-00 | $318,340 | 11/09/2001 |
| 02031258-09 | $510,000 | 1/11/2002 |
| 02031259-07 | $1,235,000 | 7/24/2002 |
| 02031260-10 | $2,000,000 | 10/31/2002 |
| 02031261-08 | $360,000 | 11/29/2002 |
| 02031262-06 | $1,345,000 | 2/25/2003 |
| 02031263-04 | $300,000 | 7/11/2003 |
| 02052151-08 | $460,000 | 7/11/2003 |
| 02052152-06 | $1,540,000 | 8/14/2003 |
| 02052153-04 | $320,000 | 8/22/2003 |
| 02052154-02 | $665,000 | 12/19/2003 |
| 02052155-00 | $1,025,000 | 12/24/2003 |
| 02052156-09 | $410,000 | 3/12/2004 |

**Total Principal Balance Due of Participating Securities: $10,488,340**

10. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA also provided funds to DCV through the purchase or guaranty of Debentures, another form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $2,845,000, all of which remains outstanding, as follows:

| Loan Number | Principal O/S | Date Issued |
|---|---|---|
| 04666751-04 | $1,285,000 | 11/29/2002 |
| 04666752-02 | $940,000 | 3/14/2003 |
| 04666753-00 | $310,000 | 5/16/2003 |
| 04666754-09 | $310,000 | 12/12/2003 |

**Total Principal Balance Due of Debentures: $2,845,000**

11. DCV has made interest payments on the Debentures through March 1, 2010.

12. SBA is owed accrued interest on the Debentures at the per diem rate of $433.47 from March 2, 2010 through June 4, 2010 in the amount of $41,179.33.

13. Therefore, DCV owes SBA on the Debentures the principal amount of $2,845,000, plus interest and fees from March 2, 2010 through June 4, 2010 of $41,179.33, for a

**Complaint For Receivership and Injunction - Page 3**

total of $2,886,179.33, plus additional interest on the Debentures up until the date of entry of judgment at the per diem rate of $433.47.

14. Among other requirements, SBICs are subject to capital requirements under the Regulations. Compliance with the terms of Leverage provided by SBA required that DCV not have a condition of Capital Impairment, as that term is defined under the Regulations. 13 C.F.R. § 107.1830.

15. According to audited financial information provided by DCV to SBA on SBA Form 468 as required under the Regulations, 13 C.F.R. §107.630, DCV has a condition of Capital Impairment.

16. Based upon information provided by DCV to SBA, SBA determined that DCV had exceeded its then maximum allowable Capital Impairment Percentage of 60%. SBA notified DCV of that fact, and of "Restricted Operations Conditions" of 13 C.F.R. §107.1820(f), by letter dated August 26, 2005 and provided DCV fifteen (15) days to cure its condition of Capital Impairment to SBA's satisfaction. In the Notice of Violation, SBA further informed DCV that it would be placed in Restricted Operations and that SBA would implement the available remedies if it failed to cure its condition of Capital Impairment in the period specified by SBA.

17. DCV did not cure its condition of Capital Impairment as required by SBA.

18. By letter dated December 1, 2008, SBA notified DCV that it was transferring DCV from operating status to liquidation status at SBA due to its failure to cure its condition of Capital Impairment. SBA also notified DCV in the December 1, 2008 letter that due to DCV's failure to cure, the Debentures were being accelerated and DCV was required to remit payment

Complaint For Receivership and Injunction - Page 4

in full for the Debentures, including interest and fees, within fifteen (15) days, pursuant to 13 C.F.R. § 1810.

19. DCV failed to remit full payment to SBA on the accelerated Debentures.

20. DCV's failure to pay SBA in full on the Debentures is a failure to make payment under 13 C.F.R. §107.1810(e)(3) and nonperformance of its obligation to pay them when due in violation of 13 C.F.R. §107.507(a).

21. DCV's failure to cure its condition of Capital Impairment is a violation of the Regulations, 13 C.F.R. §107.1830(b).

22. DCV's non-compliance with its terms of Leverage under 13 C.F.R. § 107.1830(b) is a violation of the Regulations, 13 C.F.R. §107.507(a), for nonperformance of the terms of its Participating Securities and Debentures.

23. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as DCV may be forfeited and the company may be declared dissolved.

24. Section 311 of the Act, 15 U.S.C. §687c, provides that upon a determination by SBA that a Licensee such as DCV, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that

Complaint For Receivership and Injunction - Page 5

such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

25. DCV first issued Participating Securities to SBA more than 8 years ago and has a capital impairment percentage that remains in excess of 100%. 13 C.F.R. §107.1820. DCV defaulted on its Debentures when DCV failed to cure its condition of Capital Impairment pursuant to 13 C.F.R. 107.1810(f)(5) and failed to make payments on the accelerated Debentures. DCV has already consented to the appointment of SBA as its receiver under 13 C.F.R. § 107.1820 and 13 C.F.R. § 107.1810.

26. DCV has already consented to entry of judgment for the principal amount of the debentures, plus interest and fees, and also to the appointment of SBA as its receiver to liquidate DCV.

## COUNT ONE

### Violation of SBA Regulations

### 13 C.F.R. §§107.1830(b), 1810(e)(3) and 507(a)

27. Paragraphs 1 through 26 are adopted herein by reference.

28. DCV has an uncured condition of Capital Impairment as that term is defined under the Regulations.

29. DCV is in default of its obligation to pay its Debentures in full to SBA.

30. SBA has determined that DCV is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment and its failure to pay SBA in full on the Debentures.

31.     SBA has determined that DCV is in violation of the Regulations, 13 C.F.R. §§107.1830(b), 1810(e)(3) and 507(a).

32.     SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §§687(d) and 687c, including the appointment of SBA as Receiver of DCV for the purpose of liquidating DCV and all of its assets.

33.     SBA is entitled to judgment against DCV in the amount of the Debentures, plus applicable accrued interest through entry of judgment and post-judgment interest allowed by law.

WHEREFORE, Plaintiff prays as follows:

A.      That injunctive relief under 15 U.S.C. §687c be granted restraining DCV, its officers, directors, general partners, managers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Defendant's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of DCV, wherever located; and (3) violating the Act or the Regulations promulgated thereunder.

B.      That this Court determine and adjudicate DCV's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C.      That this Court, pursuant to 15 U.S.C. §687c, take exclusive jurisdiction of DCV and all of its assets, wherever located, appoint SBA as receiver of DCV for the purpose of marshaling and liquidating the assets of DCV and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Proposed Order filed herewith.

D.      That this Court enter Judgment in favor of Plaintiff, United States of America, on behalf

of its agency, U.S. Small Business Administration against Defendant, Development Capital Ventures, L.P., in the principal sum of $2,845,000.00, plus interest and fees from March 2, 2010 through June 4, 2010 in the amount of $41,179.33, totaling $2,886,179.33 as of that date, plus additional interest on the Debentures up until the date of entry of judgment at the per diem rate of $433.46, together with post-judgment interest pursuant to 28 U.S.C. §1961 as of the date of entry of judgment.

E.  That upon the liquidation of DCV and the completion of the receivership, DCV's SBIC license may be revoked.

F.  That this Court grant such other relief as may be deemed just and equitable.

Respectfully submitted,

NEIL H. MACBRIDE
United States Attorney

By: /s/ Monika L. Moore
MONIKA L. MOORE
Assistant United States Attorney
Justin W. Williams United States Attorney's
  Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel (703) 299-3779
Fax (703) 299-3983
monika.moore@usdoj.gov

U.S. SMALL BUSINESS ADMINISTRATION

By: /s/ Thomas W. Rigby
THOMAS W. RIGBY
Va. Bar No. 34663
Chief Counsel for SBIC Liquidation
Office of General Counsel
U.S. Small Business Administration

Complaint For Receivership and Injunction - Page 8

409 Third Street, Seventh Floor
Washington, D.C. 20416
Telephone:  202.619-1610
Facsimile:  202.481-5866
thomas.rigby@sba.gov

Attorneys for Plaintiff



**U. S. SMALL BUSINESS ADMINISTRATION**
RECEIVER FOR DEVELOPMENT CAPITAL VENTURES, L.P.
409 THIRD STREET, S.W., 6TH FLOOR
WASHINGTON, D.C. 20416

RECEIVED
AUG 03 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

WRITER'S DIRECT TELEPHONE: (202) 205-7514

FAX NUMBER: (202) 205-6957

July 30, 2010

Honorable Robert H. Shemwell, Clerk of the Court
U.S. District Court, Western District of Louisiana
300 Fannin Street, Room 1167
Shreveport, LA 71101

VIA UPS NEXT DAY DELIVERY

Re: <u>United States of America v. Development Capital V</u>
Civil Action No. 1:10-cv-763

**MISC. 5:10-MC-0027**

Dear Honorable Shemwell:

This is to advise you that, in accordance with 15 U.S.C. § 687c, the U.S. District Court for the Eastern District of Virginia has taken exclusive jurisdiction of Development Capital Ventures, L.P. ("Development Capital") and the assets thereof, and has appointed the U.S. Small Business Administration ("SBA"), an agency of the federal government, as the Receiver.

A portion of the property of Development Capital may be located in your jurisdiction. We therefore are enclosing for filing, copies of the Complaint and Order establishing the Receivership, as required by 28 U.S.C. § 754. Please open as a miscellaneous case filing.

The United States District Court, in an order appointing SBA Receiver for Development Capital, stayed all legal proceedings involving Development Capital, and prohibited the filing of any actions against the Receiver unless permission of the Court is first obtained.

The Receiver is in the process of ascertaining what and where legal proceedings pertaining to Development Capital are pending. Should the Receiver learn of relevant legal proceedings within the jurisdiction of your Court, the Receiver will promptly notify you thereof.

We also have enclosed extra copies of the Order and Complaint, which we request that you stamp file and return in the enclosed self-addressed stamped envelope.

Sincerely,

By: *[signature]*
Michele L. Pittman
Chief, Corporate Liquidation and Receivership Operations
Office of Liquidation

RECEIVED
AUG 03 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA, )
    Plaintiff, )
     )
v. ) Civil Case No. 1:10 cv 763
     )
DEVELOPMENT CAPITAL )
VENTURES, L.P. )
     )
    Defendant. )

**MISC. 5:10-MC-0027**

## CONSENT ORDER AND JUDGMENT

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions of 15 U.S.C. §687c, and based upon the consent of all parties, this Court takes exclusive jurisdiction of Development Capital Ventures, L.P. ("DCV" or "Defendant") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of DCV ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshalling and liquidating in an orderly manner all of DCV's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, trustees, managers, investment advisors and other agents of DCV under applicable state and federal law, by the Certificate of Partnership, Limited Partnership Agreement and all other governing partnership documents, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28

U.S.C. § 754. The trustees, directors, officers, employees, managers, investment advisors and agents of DCV are hereby dismissed. Such persons shall have no authority with respect to DCV's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of DCV and shall pursue and preserve all of its claims.

3. The past and/or present officers, directors, managers, investment advisors, agents, trustees, attorneys, and accountants of DCV, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to DCV and its assets and all other assets and property of the Limited Partnership, whether real or personal. The Receiver will provide reasonable access to all participants with regard to any investment in the DCV portfolio. The General Partner of DCV shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of DCV as well as the names, addresses and amounts of claims of all known creditors of DCV. Within thirty (30) days following the entry of this Order, such person shall also furnish a written report describing all assets. All persons having control, custody or possession of any assets or property of DCV are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, employees, partners, trustees, managers, investment advisors, agents, shareholders, creditors and debtors of DCV, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to DCV, until further ordered by this Court shall pay all such

obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if DCV had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of DCV, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6. DCV's past and/or present partners, officers, directors, agents, accountants, managers, shareholders, employees, investment advisors, debtors, and creditors of DCV and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them in

compliance with the Federal Rules of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of said Limited Partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to DCV. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of DCV, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to DCV, the Receiver shall make its discovery request(s) in compliance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving the Receiver for DCV, or any assets of DCV, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or involving any of DCV's past or present general partners, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether sued as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding or from taking any action in connection with any such proceeding or any such asset.

8. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving the Receiver for DCV, or any assets

of DCV, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or any of DCV's past or present general partners, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. Further, as to a cause of action accrued or accruing in favor of DCV against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

10. DCV and its past and/or present directors, officers, managers, general or limited partners, agents, investment advisors, employees and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of DCV to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

11. The Receiver is authorized to borrow on behalf of DCV, from the SBA, up to $1,000,000 and is authorized to cause DCV to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18

months after the date of issue. Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

12. Judgment is hereby entered in favor of Plaintiff, United States of America, on behalf of its agency, the U.S. Small Business Administration ("SBA"), against Defendant, Development Capital Ventures, L.P. in the principal sum of **$2,845,000.00** as of April 1, 2009, plus accrued interest up to the date of entry of this Judgment, (but reduced by previous principal and interest payments received by SBA after April 1, 2009) together with post-judgment interest pursuant to 28 U.S.C. §1961 as of the date of entry of this Order.

**ACKNOWLEDGED AND AGREED TO BY DEVELOPMENT CAPITAL VENTURES, L.P. AND THE SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:**

DEVELOPMENT CAPITAL VENTURES, L.P

By: Development Capital Ventures, L.P.
Its: General Partner

By: DCC Operating, Inc.
Its: General Partner

By: _____
Name: Wayne S. Foren
Title: President

U.S. SMALL BUSINESS ADMINISTRATION

By: _____
Thomas G. Morris, Director
Office of SBIC Liquidation

It is so ordered this 21st day of July, 2010

By the Court:

Anthony J. Trenga
United States District Judge
United States District Court Judge